**Efrain MORAYA, aka Efrain Ely Morataya Almazan, aka Efrain Morataya, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–71998, A70–804–644.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided May 12, 2004.

---

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Efrain Moraya, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Director, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Russell J.E. Verby, Kurt B. Larson, U.S. Department of Justice, Washington, DC, for Respondent.

Before O'SCANNLAIN, RYMER, and BEA, Circuit Judges.

### MEMORANDUM**

Efrain Moraya, a native and citizen of Guatemala, petitions pro se for review of the Board of Immigration Appeals' ("BIA") denial of his motion to reconsider its earlier order denying his motion to reopen. We have jurisdiction under 8 U.S.C. § 1252(a). We review the BIA's decision for abuse of discretion, *Cano–Merida v. INS*, 311 F.3d 960, 964 (9th Cir.2002), and we affirm.

The BIA did not abuse its discretion when it denied petitioner's motion to reconsider its earlier denial of his motion to reopen his case to apply for adjustment of status as a derivative beneficiary under Section 203 of the Nicaraguan and Central American Relief Act, 8 C.F.R. § 1003.43 ("NACARA"). The deadline for filing a motion to reopen under NACARA was September 11, 1998, and petitioner filed his motion to reopen on February 22, 2002, more than three years after the deadline. Because the petitioner's motion to reopen was untimely, and neither NACARA nor the implementing regulations contain any

exception to the filing deadline for aliens who married NACARA-eligible spouses after the deadline, the BIA did not abuse its discretion. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000).

### PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

